UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHELLIE L. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CV1448 CDP |
| ) | |
| BOEING AEROSPACE OPERATIONS, ) | |
| INC., et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Shellie Rogers filed suit in Missouri state court against her former employer, Boeing Aerospace Operations, Inc., and her former supervisor, Augustine Pacheco, for violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* Boeing removed the case to this court, citing diversity jurisdiction. This action is before me now on Rogers' motion to remand based on the so-called "forum defendant rule," which prevents removal if a defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). Rogers argues that the forum defendant rule acts to prohibit removal where any named defendant is a citizen of the forum state and a plaintiff had made a good faith effort to serve that forum defendant. After carefully considering the plaintiff's argument, I conclude that the language of Section

– 1 –

1441(b)(2) is unambiguous and did not prevent removal because at least one non-forum defendant (Boeing) had been served, but the sole forum defendant (Pacheco), had not been served at the time of Boeing's removal.

## I. Background

Rogers filed this MHRA case in Missouri state court on June 28, 2013. Three days later, the court issued summonses for each of the two defendants. A process server attempted to serve Pacheco on July 2, 2013, but a typo in his address prevented successful service. A week later, before the typo was corrected, Boeing was served.[1] Seventeen days after that – still before Pacheco was served – Boeing removed the case to this court. Boeing relied on diversity of citizenship as its sole ground for federal subject-matter jurisdiction. Rogers is a citizen of Illinois; Pacheco is a citizen of Missouri; and Boeing is a citizen of Oklahoma and Delaware. The citizenship of the parties is not disputed, nor is the fact that complete diversity exists.

After removal, Rogers successfully served Pacheco at his correct address.

## II. Discussion

Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over cases where the parties are completely diverse and the amount in controversy exceeds

---

[1] Although there is no return of process in the state or federal court files, Boeing states that it was served on July 8, 2013, and plaintiff Rogers does not refute this assertion.

$75,000.[2]  *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  A defendant normally may remove an action from state court to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441; *see also In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (party seeking removal bears burden of establishing federal subject-matter jurisdiction).  But the power to remove is subject to an exception known as the forum defendant rule, which is codified at 28 U.S.C. § 1441(b)(2).  That exception prohibits a defendant from removing a diversity action if any of the defendants "properly joined and served" is a citizen of the state in which the action was brought.  *Id.*; *see also Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005).  The forum defendant rule is jurisdictional and cannot be waived.  *Horton*, 431 F.3d at 605.

In this case, the parties dispute the meaning of the "joined and served" language in 28 U.S.C. § 1441(b)(2).  Arguing against remand, defendant Boeing points out that Pacheco, the forum defendant, was not served at the time of removal.  Boeing contends that under its plain language, Section 1441(b)(2) is therefore no bar to removal.  Rogers responds that this is an "excessively literal" reading of the statute.  Instead, she urges the court to look at the purpose behind the "joined and served" language, which she contends is to prevent a plaintiff from joining a forum defendant it does not intend to serve in an effort to avoid federal court.  Since there is

---

[2]  The amount in controversy is not at issue in this case.

– 3 –

no evidence that she was engaging in any such gamesmanship, Rogers argues remand is appropriate. According to Rogers, interpreting the statute as written would lead to an absurd result where federal jurisdiction depends on the timing or sequence of service of the defendants.

Rogers is not alone in this perspective. The federal district courts are profoundly split over the proper interpretation of the "joined and served" language of Section 1441(b)(2). All in all, the courts appear to have adopted three different positions in removed cases where a forum defendant has been sued but not yet served: that remand is always appropriate, that it is never appropriate, or that it appropriate only if the plaintiff has not yet served any defendant.[3] The third approach, while more nuanced, is properly derived from the plain language of the statute, and I will adopt it here.

"In the usual case, if [a] statute's language is plain, the sole function of the courts is to enforce it according to its terms, without reference to its legislative history." *Owner-Operator Indep. Drivers Ass'n v. United Van Lines, LLC*, 556 F.3d 690, 693 (8th Cir. 2009) (internal quotation marks omitted) (quoting *United States v.*

---

[3] For example, compare *Walborn v. Szu*, No. 08-6178, 2009 WL 983854, at *1 (D.N.J. Apr. 7, 2009) (remanding despite lack of tactical "gamesmanship" by defendant); *Muchel v. Wyeth, LLC*, No. 12-906, 2012 WL 4050072, at *3 (D. Del. Sept. 11, 2012) (denying remand as contrary to plain language of Section 1441(b)(2) though plaintiff had not yet served any defendant); and *Hawkins v. Cottrell*, 785 F. Supp. 2d 1361, 1369 (N.D. Ga. 2011) (reading plain language of Section 1441(b)(2) to require remand in case where defendant removed before service to any defendant).

*Ron Pain Enter., Inc.*, 489 U.S. 235, 241 (1989)). The Eighth Circuit has identified two narrow exceptions to this general principle: first, if the plain text of a statute "produces a result demonstrably at odds with the intentions of its drafters," and second, if a "scrivener's error" produces an "absurd result." *Id.* A result that is "anomalous" or somewhat illogical is not necessarily absurd. *Id.*

Here, the statute provides:

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2). The statute's language is clear and unambiguous: only the citizenship of parties in interest "properly joined and served as defendants" is at issue. If a party has not been both joined *and* served, the fact that it is a citizen of the forum state will not prevent removal. *See Follette v. Wal-Mart Stores, Inc.*, 47 F.3d 311, 313 (8th Cir. 1995) (a statute written in the conjunctive means the "two conditions must be met in order to fall within its language"). Most, if not all, the federal district courts examining this issue have agreed that this phrase is clear. It is over the application of the exceptions to the plain-language rule that they diverge.

I will consider the "unintended result" exception first. As the United States Supreme Court and the Eighth Circuit have held repeatedly, there must be some compelling indication of the drafters' contrary intent in order to contravene the plain

text of a statute. *See, e.g., Demarest v. Manspeaker*, 498 U.S. 184, 190–91 (1991); *United States v. South Half of Lot 7 & Lot 8, Block 14*, 910 F.2d 488, 489–90 (8th Cir. 1990). In this case, there is no legislative history whatsoever on the addition of the "properly joined and served" language to Section 1441(b)(2). *See Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 644 (D.N.J. 2008) ("The court has been able to locate neither a specific statement from Congress nor from the advisory Committee . . . regarding the addition of the 'properly joined and served' language."); *accord Hawkins*, 785 F. Supp. 2d at 1369 ("legislative history on the purpose behind the joined and served requirement is conspicuously lacking").

Several courts, however, have remanded based in part on the Supreme Court decision in *Pullman Company v. Jenkins*, 305 U.S. 534 (1939). *See, e.g., Sullivan*, 575 F. Supp. 2d at 644; *Ibarra v. Protective Life Ins. Co.*, No. 09CV49, 2009 WL 1651292, at *2 (D. Ariz. June 12, 2009). In that case, decided before Congress codified the forum defendant rule and devised the "joined and served" language, the Court held that removal of a case where any defendant was a forum citizen was improper, even if the forum defendant had not yet been served.[4] The *Pullman* Court recognized that its holding might encourage improper joinder – that a plaintiff might

---

[4] *Pullman* and *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160–61 (8th Cir. 1981), are often cited as support in cases like this, but they are not precisely on point. In both cases, the courts reversed denials of remand and required the district court to examine the citizenship of an unserved forum defendant. But in both cases, the presence of the forum defendant not only violated the then-existing forum defendant rule, but also destroyed complete diversity.

strategically defeat removal by naming a forum defendant it does not really intend to sue. The Court therefore left open the possibility that a federal court might assert jurisdiction even over a forum defendant if it found that defendant had been improperly joined.

The district courts that rely on *Pullman* to support remand emphasize that there is no evidence Congress intended to reverse the Court's holding when it codified the forum defendant rule a decade later, in 1948. Instead, these courts assert that the "properly joined and served" language was an attempt to suppress improper joinder. *See Sullivan*, 575 F. Supp. 2d at 643 (collecting cases).

This is a plausible reading of the statute's history. Nonetheless, it does not rise to the level of a "clearly expressed legislative intention to the contrary" of the "joined and served" language as it appears in Section 1441(b)(2). *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). Without some positive manifestation of intent behind the "joined and served" language, I cannot say that the result – allowing an out-of-state defendant to remove an action where a forum defendant is joined but not served – is "demonstrably at odds" with the intention of the drafters.[5]

---

[5] Although Congress amended Section 1441 in 2011, it did not change the phrase "joined and served." *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63; *see also Howard v. Genentech, Inc.*, 2013 WL 680200, at *7 (D. Mass. Feb. 21, 2013) (citing H.R. Rep. No. 112–10, at 11–16 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580, and noting that "no

Nor can I find that grounding the operation of Section 1441(b)(2) on the timing or sequence of service is an "absurd result." *Cf. In re Avandia Sales Practices*, 624 F. Supp. 2d 396, 410 (E.D. Pa. 2009). Post-removal joinder of a forum defendant does not require remand so long as complete diversity is preserved. *See Spencer v. U.S. Dist. Court for the N. Dist. of Cal.*, 393 F.3d 867, 871 (9th Cir. 2004); *accord Devore v. Transp. Tech. Corp.*, 914 F. Supp. 355, 357 (W.D. Mo. 1996). Although it may be somewhat arbitrary or "anomalous," it is not absurd for post-removal service to produce the same result.

The district courts that hold otherwise have often been responding to cases rather different than this one. In more egregious cases, an out-of-state defendant – or even a forum defendant – has "hawked" the state court docket and removed before service to any defendant has occurred. *See, e.g., Perez v. Forest Labs., Inc.*, 902 F. Supp. 2d 1238, 1246 (E.D. Mo. 2012). Furthermore, in some states, court processing of new complaints does not permit same-day service of process, so there is no way for plaintiffs to avoid this result. *See Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 857 (N.D. Ohio 2008). In this case, like in those actions where a plaintiff seeks to amend her complaint to add a forum defendant after removal, the plaintiff had

---

mention of the 'properly joined and served' language was made in the available legislative history of the 2011 Act, nor was the substantial disarray among the district courts discussed."); *Stefan v. Bristol-Myers Squibb Co.*, 2013 WL 6354588, at *1 (D. Del. Dec. 6, 2013) ("when the cases send a mixed message, there is no way of knowing which judicial interpretation of the statute Congress intended to adopt").

control over the prosecution of her complaint – including the timing and sequence of service – and could have chosen to do things differently. Therefore, reading the "joined and served" language as it was written does not lead to an absurd result.

Because neither of the exceptions apply, my sole function is to enforce Section 1441(b)(2) according to its terms. The "joined and served" language – which comprises only a small part of the statute – must be read in conjunction with the rest of the provision in which it resides. *See Cody v. Hillard*, 302 F. 3d 767, 776 (8th Cir. 2002) ("courts should not interpret one provision in a manner that renders other sections of the same statute inconsistent, meaningless, or superfluous"). Several courts have looked carefully at Section 1441(b)(2) as a whole and concluded that the plain language contemplates removal only where at least one defendant had been served. *See Hawkins*, 785 F. Supp. 2d at1369; *Howard*, 2013 WL 680200, at *5; *FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13CV2039, 2013 WL 1305330, at *3 (D. Kan. Mar. 27, 2013); *R & N Check Corp. v. Bottomline Tech., Inc.*, No. 13CV118, 2013 WL 6055233 (D.N.H. Nov. 15, 2013). In 2011, Congress modified the syntax of Section 1441(b)(2), transforming the section from a list of requirements for removal to an exception to removability. But the operative language remains the same.[6] Before the 2011 amendment:

---

[6] The pre-2011 version of Section 1441(b)(2) provided that a diversity action "*shall be removable only if none* of the parties in interest properly joined and served as defendants is a citizen of the

> Section 1441(b) provided that a "[diversity] action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." When functioning as a pronoun, which "none" does in section 1441(b), it means "not any." Webster's Third New International Dictionary 1536 (3d ed. 1986). "Any," in turn, means "one or more indiscriminately from all those of a kind." *Id.* at 97. Inherent in the definition is some number of the "kind" from which the "one or more" can be drawn. Accordingly, the use of "none" and definite article "the" when referring to "parties" assumes that there is one or more party in interest that has been properly joined and served already at the time of removal, among which may or may not be a forum-state defendant.

*Howard*, 2013 WL 680200, at *5.

This reading does justice to the plain language of Section 1441(b)(2) without incentivizing pre-service removal as a tactical strategy by a "nimble non-forum defendant." *Howard*, 2013 WL 680200, at *8. As the *Howard* court concluded, under the plain language of Section 1441(b)(2), "plaintiffs legitimately seeking to join a forum defendant face the modest burden of serving that defendant before any others." In this case, Rogers did not meet that burden. For that reason, remand is not appropriate.

### III. Conclusion

Under the plain, unambiguous language of Section 1441(b)(2), an out-of-state defendant may remove a diversity case if at least one defendant – and no forum

---

State in which such action is brought." Now, the statute provides that a diversity action "*may not be removed if any* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

defendant – has been served. In this case, Boeing properly removed after it was served but before forum defendant Pacheco had been served. Because its removal satisfied Section 1441(b)(2) and the other requirements of diversity jurisdiction, remand will be denied.

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#14] is denied. This case will be set for a Rule 16 scheduling conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2014.