UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHELLIE L. ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13 CV 1448 CDP |
| ) | |
| BOEING AEROSPACE OPERATIONS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

Plaintiff Shellie Rogers brought this lawsuit alleging defendant Boeing Aerospace Operations, Inc. discriminated against her on the basis of her disability in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010, *et seq*. The case was tried before a jury, who found in favor of Boeing. As part of my judgment entered on the record on the same day as the jury verdict, I awarded costs to Boeing as the prevailing party in accordance with Fed. R. Civ. P. 54(d)(1). Rogers then filed a motion to alter or amend the judgment to rescind any award of costs. After careful consideration, and in light of evidence at trial demonstrating Rogers' limited means, I am amending my original judgment and retracting the previous award of costs to Boeing.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to

the prevailing party." This provision creates a presumption that the prevailing party is entitled to costs. *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Id*. *See also Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013) ("decision whether to award costs ultimately lies within the sound discretion of the district court"). A district court has discretion to refuse to tax costs in favor of the prevailing party. *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

The Eighth Circuit has acknowledged that in determining whether to tax costs, it is appropriate for a District Court to consider the financial means of the non-prevailing party as well as any disparity in wealth between the prevailing and non-prevailing parties. *See, e.g.*, *In re Derailment Cases*, 417 F.3d 840, 844-45 (8th Cir. 2005); *Lampkins v. Thompson*, 337 F.3d 1009, 1017 (8th Cir. 2003) ("[b]ecause the district court properly considered Lampkins's indigency and incarceration before assessing costs, the district court did not abuse its discretion"); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny costs because a plaintiff is poor or for other good reason").

Here, Rogers testified at trial that she has been unemployed since February 2012. The evidence showed she is unmarried and has significant debilitating

health issues. Boeing has requested an award of costs against Rogers in the amount of $46,366.39. Even if Rogers were still employed with Boeing, this amount would represent significantly more than 50% of her annual salary and would be extremely difficult to pay. In Rogers' current financial situation it would be a devastating amount of debt. Boeing, in contrast, is a large, international corporation with significant means. Considering all of this, I find that it would be inequitable to tax costs against Rogers, particularly where her lawsuit had a factual basis and was brought in good faith.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend judgment [177] is **GRANTED** for the reasons discussed above. The judgment is amended to reflect that each side will bear its own costs.

**IT IS FURTHER ORDERED** that defendant's motion for bill of costs [181] is **DENIED**.

                                                  _Catherine D. Perry_
                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 11th day of February, 2016.

---

[1] An award of costs at the amount requested by Boeing might also have a chilling effect on others who would otherwise seek to enforce their rights under the MHRA. *See Roeben v. BG Excelsior Ltd. Partnership*, No. 4:06CV01643 JLH, 2008 WL 340486 (E.D. Ark. Feb. 5, 2008).